**Arturo MARTINEZ–ESCALONA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73099.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 14, 2010.*

Filed Jan. 6, 2011.

Gary Finn, Law Offices of Gary Finn, Indio, CA, for Petitioner.

R. Alexander Goring, Esquire, Trial, U.S. Department of Justice, OIL, Washington, DC, Michelle Gorden Latour, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Home-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

land Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

MEMORANDUM **

Arturo Martinez–Escalona, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Tapia v. Gonzales,* 430 F.3d 997, 999 (9th Cir.2005), and we deny the petition for review.

The agency properly concluded that Martinez–Escalona was ineligible for cancellation of removal because he failed to meet the seven-year continuous physical presence requirement. *See* 8 U.S.C. § 1229b(a)(2) (requiring seven years of continuous residence after having been "admitted in any status"); *see also* 8 U.S.C. § 1101(a)(13)(A) (defining "admitted" as "the lawful entry of an alien into the United States after inspection and authorization by an immigration officer.").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).